**LATHAM & WATKINS LLP**
Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary Feinerman (admitted *pro hac vice*)
*gary.feinerman@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: +1.312.876.7700

*Attorneys for Defendant MUBI, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SAMUEL EDWARDS, MICHELLE BROWN, DENNIS DEPEW, CINTHIA DAVIS MARITZA HERNANDEZ, SIOSIUA MAFOA, JOHN DOE, AALANY MCMAHAN, and DEBJANI SARKAR, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MUBI, INC.,

Defendant.

Case No. 5:24-cv-00638-EJD

**DEFENDANT MUBI, INC.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Date: October 10, 2024
Time: 9:00 A.M.
Court: Courtroom 4, 5th Floor
Hon. Edward J. Davila

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 10, 2024 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom 4, located at 280 South 1st Street, San Jose, California, Defendant MUBI, Inc., through its undersigned counsel, will, and hereby does, respectfully request that in connection with its Motion to Dismiss the First Amended Class Action Complaint, the Court consider the documents attached as Exhibits A-G to the accompanying Declaration of Michael H. Rubin in Support of MUBI's Motion to Dismiss First Amended Class Action Complaint, filed concurrently herewith. The documents are properly considered by the Court on MUBI's Motion because they are subject to judicial notice under Federal Rule of Evidence 201 and/or incorporated by reference into the First Amended Class Action Complaint.

Dated: June 5, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Michael H. Rubin*

Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary Feinerman (*pro hac vice*)
*gary.feinerman@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: +1.312.876.7700

*Attorneys for Defendant MUBI, Inc.*

## MEMORANDUM OF POINTS & AUTHORITIES

Defendant MUBI, Inc. respectfully requests that the Court take judicial notice of, and/or consider as incorporated by reference, the following documents in support of MUBI's Motion to Dismiss First Amended Class Action Complaint ("Motion"), as described below and attached to the concurrently filed Declaration of Michael H. Rubin ("Rubin Declaration"):[1]

Publicly Available Webpages

1. **Exhibit A**: MUBI's Privacy Policy (excerpted in full in Plaintiffs' Complaint as Figures 13-15, 26-27; attached here in legible format for the Court's convenience)
2. **Exhibit B**: MUBI's home page (https://mubi.com/en/us)
3. **Exhibit C**: MUBI's cookie banner (appears on all pages of MUBI's website, including its home page, until cookies are accepted or rejected)
4. **Exhibit D**: MUBI's "Cookie Preferences" setting (https://mubi.com/en/cookie_preferences)

Legislative History to Cal. Civ. Code § 1799.3

5. **Exhibit E**: Hearing on S.B. No. 2248 Before the Senate Committee on Judiciary, Statement of Bill Lockyer, Chairman, Senate Committee on Judiciary, 1987-88 Regular Session (Cal. 1988).
6. **Exhibit F**: Senate Judiciary Committee Report on S.B. No. 2248, 1987-88 Regular Session (Cal. 1988).
7. **Exhibit G**: S.B. No. 2248, as introduced February 17, 1988, 1987-88 Regular Session (Cal. 1988)

These documents are properly considered on MUBI's Motion because (1) the Privacy Policy is already included in the First Amended Class Action Complaint ("FAC") in full, and (2) the additional documents are subject to judicial notice under Federal Rule of Evidence 201 and/or are incorporated by reference into the FAC.

---

[1] All Exhibit ("Ex.") references herein are to the exhibits attached to the Rubin Declaration.

## I. LEGAL STANDARD

Incorporation by Reference: The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document is incorporated by reference in a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim[s]." *Id.* (citations omitted). The doctrine "applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Judicial Notice: The Court may take judicial notice of, and properly consider for purposes of a motion to dismiss, information "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## II. EXHIBIT A IS PART OF THE COMPLAINT

**Exhibit A** is the same MUBI Privacy Policy that Plaintiffs excerpt in full in Figures 13 through 15 and 26 through 27 of the FAC,[2] which is publicly available on MUBI's website. The Privacy Policy is therefore already part of the FAC, and need not be incorporated by reference or subject to judicial notice, but MUBI is providing a legible copy for the Court's convenience.

## III. EXHIBITS B AND C ARE INCORPORATED BY REFERENCE

**Exhibit B** is a copy of MUBI's home page taken from https://mubi.com/en/us. The Court may properly consider Exhibit B as incorporated by reference into the FAC. Not only is MUBI's home page "refer[red] to extensively" in the FAC, *see* Figs. 10-12, 19-20, but it is also "integral" to Plaintiffs' claims. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiffs assert violations of the Video Privacy Protection Act and Section 1799.3 of the California Civil Code, which are premised in part on the design of MUBI's website—including whether the sign-up flow had sufficiently conspicuous links to MUBI's Terms and Privacy Policy. *See, e.g.*, Compl. ¶¶ 59-70, 186, 196.

While the FAC contains several screen shots from MUBI's home page, none of the

[2] The Figures are continuous, but misnumbered, in the FAC.

screenshots excerpted in the FAC show the full design of the webpage or the cookie banner that appears to all new visitors on every page on MUBI's website until the user accepts or rejects cookies. *Compare, e.g.*, Compl. Figs. 10-12, *with* Ex. B at 1. This is particularly relevant because Plaintiffs assert: "[W]hile MUBI includes a hyperlink to its Privacy Policy and underscores the word 'Privacy,' it deemphasizes the existence of the hyperlink to the Privacy Policy by not using additional methods, such as contrasting the font color and using the color blue (which usually denotes the existence of a hyperlink)." Compl. ¶ 69. But, as Exhibit B reflects, Plaintiffs excerpted only the top of the webpage, which appears against a dark background. Lower on the homepage, with a white background, "Terms of Service" and "Privacy" appear with blue hyperlinks. Ex. B at 5. This design choice helps ensure the links are conspicuous for all users in all contexts. Plaintiff may not invoke portions of the home page to criticize the design while excluding the portion of the same website that shows their criticisms are unfounded. *See In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 2020 WL 7664461, at *4 (N.D. Cal. Dec. 24, 2020) (holding that entire website was incorporated by reference where plaintiffs selected "only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims") (quoting *Khoja.*, 899 F.3d at 1002).

Relatedly, **Exhibit C** is screenshot of the cookie banner that appears on MUBI's website when individuals first visit the webpage. It is a component part of Exhibit B because it appears on MUBI's home page, as can be seen in Exhibit B. To improve readability in the PDF format, as compared to a live browser, the version attached as Exhibit C is from a browser in a mobile device rather than a browser on a desktop (a desktop version can be seen in Exhibit B). For the same reasons that the Court may properly consider MUBI's home page—because it is incorporated by reference into the FAC—the Court may properly consider the cookie banner that appears on that home page.

## IV. EXHIBITS B THROUGH G ARE SUBJECT TO JUDICIAL NOTICE

Each of **Exhibits B through G** are judicially noticeable as publicly available documents that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Furthermore,

MUBI seeks judicial notice of "the existence and contents" of these documents, rather than "the truth of the matters asserted therein." *Coffee v. Google, LLC*, 2021 WL 493387, at *3-4 (N.D. Cal. Feb. 10, 2021).

### A. Exhibits B-D Are Judicially Noticeable Websites

**Exhibits B through D** are MUBI's home page, cookie banner, and "Cookie Preferences" webpage, publicly available on MUBI's website at https://mubi.com/en/us and https://mubi.com/en/cookie_preferences. Courts routinely take judicial notice of similar publicly available documents. *See, e.g.*, *In re Google Assistant Priv. Litig.*, 546 F. Supp.3d 945, 956-57 (N.D. Cal. 2021) (taking judicial notice of Terms of Service, Privacy Policy, and relevant webpages as matters of public record); *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1026 (N.D. Cal. 2021) (similar). Judicial notice is particularly appropriate here given that Plaintiffs' FAC screenshots extensively from MUBI's publicly available webpages. *See, e.g.*, Compl. Figs. 10-12, 18-20.

### B. Exhibits E-G Are Judicially Noticeable Legislative Documents

**Exhibits E through G** are materials from the official legislative history file of California Senate Bill No. 2248, which added Section 1799.3 to the California Civil Code. As noted in the Rubin Declaration, these materials were obtained through the Legislative | History & Intent research service. Courts routinely take judicial notice of legislative documents because they are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also Ridgeway v. Walmart Inc.*, 946 F.3d 1066, 1090 (9th Cir. 2020) (granting "motion for judicial notice of certain materials from the legislative history of two provisions of the California Labor Code"); *Johnson v. Pluralsight, LLC*, 728 F. App'x 674, 676 n.3 (9th Cir. 2018) ("Legislative history is properly a subject of judicial notice.") (citation omitted). Exhibits E-G form part of the official legislative history of Senate Bill No. 2248, and are therefore properly subject to judicial notice.

## V. CONCLUSION

For the foregoing reasons, MUBI respectfully requests that the Court consider the exhibits attached to the Rubin Declaration submitted in connection with MUBI's Motion.

Dated: June 5, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By *<u>/s/ Michael H. Rubin</u>*

Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary Feinerman (*pro hac vice*)
*gary.feinerman@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone +1.312.876.7700

*Attorneys for Defendant MUBI, Inc.*