**LATHAM & WATKINS LLP**
Michael H. Rubin (CA Bar No. 214636)
*michael.rubin@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Gary Feinerman (admitted *pro hac vice*)
*gary.feinerman@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone +1.312.876.7700

*Attorneys for Defendant MUBI, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SAMUEL EDWARDS, MICHELLE BROWN, DENNIS DEPEW, CINTHIA DAVIS MARITZA HERNANDEZ, SIOSIUA MAFOA, JOHN DOE, AALANY MCMAHAN, and DEBJANI SARKAR, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MUBI, INC.,

Defendant.

Case No. 5:24-cv-00638-EKL

**DEFENDANT MUBI, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

**JURY TRIAL DEMAND**

Defendant MUBI, Inc. ("MUBI") answers the First Amended Class Action Complaint (Dkt. 25) (the "Amended Complaint") of Plaintiffs Sanuel Edwards, Michelle Brown, Dennis Depew, Cinthia Davis Maritza Hernandez, Siosiua Mafoa, John Doe, Aalany McMahan, and Debjani Sarkar ("Plaintiffs").

Except as otherwise affirmatively stated below, MUBI denies all allegations in the Amended Complaint. Any factual averment admitted herein is admitted only to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in the Amended Complaint as a whole. With respect to any purported document cited to or quoted in the Amended Complaint, MUBI does not admit that the documents are accurate, relevant, or admissible in this action, and Defendants reserve all objections regarding admissibility. The Amended Complaint contains purported excerpts from, and references to, numerous documents and third-party publications; such documents and third-party publications speak for themselves, and MUBI respectfully refers to the respective documents and third-party publications for their contents. The numbered paragraphs below correspond to the like-numbered paragraphs in the Amended Complaint (including corresponding footnotes). MUBI expressly reserves the right to amend and/or supplement this Answer, seek leave to amend this Answer, or to modify or assert all claims, defenses, counterclaims, and third-party claims permitted by law.

MUBI further responds to the specific allegations in the Amended Complaint as follows:

## NATURE OF THE ACTION

1. MUBI admits that it operates as a global streaming service, production company, and film distributor dedicated to elevating great cinema. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 1 (including footnotes).

2. The legislative history contained in S. Rep. No. 100-599 speaks for itself and must be read in its entirety. MUBI admits that the quoted text in Paragraph 2 appears in S. Rep. No. 100-599. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 2.

3. The legislative history contained in S. Rep. No. 100-599 speaks for itself and must be read in its entirety. MUBI admits that the quoted text in Paragraph 3 appears in S. Rep. No. 100-599. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 3.

4. MUBI denies the allegations contained in Paragraph 4.

5. MUBI admits that it website and App use technologies such as first-party and third-party cookies, software development kits ("SDK"), pixels, Facebook's Business Tools, and Google Analytics. Except as expressly admitted herein, MUBI denies any remaining allegations contained in Paragraph 5.

6. MUBI denies the allegations contained in Paragraph 6.

7. MUBI denies the allegations contained in Paragraph 7 (including footnote).

8. MUBI denies the allegations contained in Paragraph 8.

9. MUBI denies the allegations contained in Paragraph 9.

10. MUBI denies the allegations contained in Paragraph 10.

**PARTIES**

11. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 11, and on that basis denies such allegations.

12. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 12, and on that basis denies such allegations.

13. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 13, and on that basis denies such allegations.

14. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 14, and on that basis denies such allegations.

15. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 15, and on that basis denies such allegations.

16. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 16, and on that basis denies such allegations.

17. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 17, and on that basis denies such allegations.

18. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 18, and on that basis denies such allegations.

19. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 19, and on that basis denies such allegations.

20. MUBI admits that it is incorporated in Delaware and maintains an office at 215 Park Avene South, New York, New York 10003. MUBI further admits that its streaming platform is available in the United States, including in California. MUBI admits that it has developed, maintains, owns, and operates the MUBI.com website. Except as expressly admitted herein, MUBI denies any remaining allegations contained in Paragraph 20.

## JURISDICTION AND VENUE

21. Paragraph 21 states conclusions of law as to which no answer is required. To the extent any response is necessary, MUBI admits that Plaintiffs purport to bring a claim under the VPPA on behalf of a putative class, but denies that Plaintiffs have stated such a claim or that class certification is appropriate. For the avoidance of doubt, MUBI acknowledges that the Court held that it has subject matter jurisdiction over this action.

22. Paragraph 22 states conclusions of law as to which no answer is required. To the extent any response is necessary, MUBI admits that it conducts business within California, and denies any remaining allegations in Paragraph 22. For the avoidance of doubt, MUBI does not dispute that this Court has personal jurisdiction over MUBI.

23. Paragraph 23 states conclusions of law as to which no answer is required. To the extent any response is necessary, MUBI denies that it disclosed Plaintiffs' video viewing information or that any conduct occurring within this District gives rise to any legal claims against MUBI. For the avoidance of doubt, MUBI does not dispute that venue is proper in this Court.

## FACTUAL BACKGROUND

### A. The VPPA

24. The legislative history contained in S. Rep. 100-599 speaks for itself and should be read in its entirety. MUBI admits that the quoted text in Paragraph 24 appears in S. Rep. 100-599. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 24.

25. The VPPA speaks for itself and must be read in its entirety. MUBI admits that the quoted text appears in the current version of the VPPA. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 25.

26. The legislative history contained in S. Rep. 100-599 speaks for itself and should be read in its entirety. MUBI admits that the quoted text in Paragraph 26 appears in S. Rep. 100-599. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 26.

27. The legislative history contained in S. Rep. 100-599 speaks for itself and should be read in its entirety. MUBI admits that the quoted text appears in S. Rep. 100-599, at 12. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 27.

**B. Cal. Civ. Code § 1799.3**

28. Cal. Civ. Code § 1799.3 speaks for itself and must be read in its entirety. MUBI admits that the quoted text appears in the current version of Cal. Civ. Code § 1799.3. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 28.

29. MUBI denies the allegations contained in Paragraph 29.

**C. The Meta Tracking Pixel**

30. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 30 (including all footnotes), and on that basis denies such allegations.

31. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 31 (including the footnote), and on that basis denies such allegations.

32. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 32 (including all footnotes), and on that basis denies such allegations.

33. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 33 (including all footnotes), and on that basis denies such allegations.

34. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 34 (including the footnote), and on that basis denies such allegations.

35. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 35 (including all footnotes), and on that basis denies such allegations.

36. MUBI lacks information sufficient to form a belief about the truth of the allegations

in Paragraph 36 (including all footnotes), and on that basis denies such allegations.

**D. MUBI and the Meta Tracking Pixel**

37. MUBI admits the allegations contained in the first sentence of Paragraph 37. MUBI further admits that it has different membership options for users and that it offers a seven-day free trial as part of its membership offerings. MUBI admits that consumers create an account and password as part of the registration process. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 37.

38. MUBI denies the allegations contained in Paragraph 38.

39. MUBI denies the allegations contained in Paragraph 39.

40. MUBI denies the allegations contained in Paragraph 40.

41. MUBI denies the allegations contained in Paragraph 41.

42. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 42, and on that basis denies such allegations.

43. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 43, and on that basis denies such allegations.

44. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 44 (including all footnotes), and on that basis denies such allegations.

45. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 45, and on that basis denies such allegations.

46. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 46 (including all footnotes), and on that basis denies such allegations.

47. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 47, and on that basis denies such allegations.

48. MUBI denies the allegations contained in Paragraph 48.

49. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 49, and on that basis denies such allegations.

50. MUBI denies the allegations contained in Paragraph 50.

51. MUBI denies the allegations contained in Paragraph 51.

52. MUBI denies the allegations contained in Paragraph 52.

53. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 53 (including all footnotes), and on that basis denies such allegations.

**E. MUBI and Other Third Party Tracking Pixels**

54. MUBI denies the allegations contained in Paragraph 54.

55. MUBI denies the allegations contained in Paragraph 55.

56. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 56 (including all Figures), and on that basis denies such allegations.

57. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 57 (including the footnote), and on that basis denies such allegations.

58. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 58 (including all Figures), and on that basis denies such allegations.

**F. MUBI Fails to Obtain Proper Consent**

59. MUBI denies the allegations contained in Paragraph 59.

60. The VPPA speaks for itself and must be read in its entirety. MUBI admits that the quoted text appears in the current version of the VPPA. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 60.

61. Paragraph 61 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI admits Cal. Civ. Code § 1799.3(a) reads "[n]o person providing video recording sales or rental services shall disclose any personal information or the contents of any record, including sales or rental information, which is prepared or maintained by that person, to any person, other than the individual who is the subject of the record, without the written consent of that individual."

62. Paragraph 62 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 62.

63. The MUBI website speaks for itself and should be read in its entirety. To the extent the allegations in Paragraph 63 vary from the website, MUBI denies those allegations. MUBI admits that it offers customers an option for a seven-day free trial, and that customers agree to

MUBI's Terms of Service and Privacy Policy as part of the registration process. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 63.

64. The MUBI website speaks for itself and should be read in its entirety. To the extent the allegations in Paragraph 64 vary therewith, MUBI denies those allegations. MUBI admits that customers are presented with, and agree to, MUBI's Terms of Service during the registration process. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 64.

65. The MUBI website speaks for itself and should be read in its entirety. To the extent the allegations in Paragraph 65 vary therewith, MUBI denies those allegations. MUBI admits that customers are presented with, and agree to, MUBI's Terms of Service and Privacy Policy during the registration process. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 65.

66. The MUBI Privacy Policy speaks for itself and should be read in its entirety. To the extent the allegations in Paragraph 66 vary therewith, MUBI denies those allegations. MUBI admits that the quoted text appears in the current version of MUBI's Privacy Policy. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 66.

67. Paragraph 67 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 67.

68. Paragraph 68 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 68 (including the footnote).

69. MUBI denies the allegations contained in Paragraph 69.

70. MUBI denies the allegations contained in Paragraph 70.

### G. Experience of Plaintiff John Doe

71. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 71, and on that basis denies such allegations.

72. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 72, and on that basis denies such allegations.

73. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 73, and on that basis denies such allegations.

74. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 74, and on that basis denies such allegations.

75. MUBI denies the allegations contained in Paragraph 75.

76. MUBI denies the allegations contained in Paragraph 76.

77. MUBI denies the allegations contained in Paragraph 77.

78. MUBI denies the allegations contained in Paragraph 78.

79. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 79, and on that basis denies such allegations.

80. MUBI denies the allegations contained in Paragraph 80.

81. MUBI denies the allegations contained in Paragraph 81.

82. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 82, and on that basis denies such allegations.

**H. Experience of Plaintiff Aalany McMahan**

83. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 83, and on that basis denies such allegations.

84. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 84, and on that basis denies such allegations.

85. MUBI denies the allegations contained in Paragraph 85.

86. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 86, and on that basis denies such allegations.

87. MUBI denies the allegations contained in Paragraph 87.

88. MUBI denies the allegations contained in Paragraph 88.

89. MUBI denies the allegations contained in Paragraph 89.

90. MUBI denies the allegations contained in Paragraph 90.

91. MUBI denies the allegations contained in Paragraph 91.

92. MUBI denies the allegations contained in Paragraph 92.

93. MUBI denies the allegations contained in Paragraph 93.

94. MUBI denies the allegations contained in Paragraph 94.

**I. Experience of Plaintiff Samuel Edwards**

95. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 95, and on that basis denies such allegations.

96. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 96, and on that basis denies such allegations.

97. MUBI denies the allegations contained in Paragraph 97.

98. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 98, and on that basis denies such allegations.

99. MUBI denies the allegations contained in Paragraph 99.

100. MUBI denies the allegations contained in Paragraph 100.

101. MUBI denies the allegations contained in Paragraph 101.

102. MUBI denies the allegations contained in Paragraph 102.

103. MUBI denies the allegations contained in Paragraph 103.

104. MUBI denies the allegations contained in Paragraph 104.

105. MUBI denies the allegations contained in Paragraph 105.

**J. Experience of Michelle Brown**

106. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 106, and on that basis denies such allegations.

107. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 107, and on that basis denies such allegations.

108. MUBI denies the allegations contained in Paragraph 108.

109. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 109, and on that basis denies such allegations.

110. MUBI denies the allegations contained in Paragraph 110.

111. MUBI denies the allegations contained in Paragraph 111.

112. MUBI denies the allegations contained in Paragraph 112.

113. MUBI denies the allegations contained in Paragraph 113.

114. MUBI denies the allegations contained in Paragraph 114.

115. MUBI denies the allegations contained in Paragraph 115.

116. MUBI denies the allegations contained in Paragraph 116.

**K. Experience of Plaintiff Dennis Depew**

117. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 117, and on that basis denies such allegations.

118. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 118, and on that basis denies such allegations.

119. MUBI denies the allegations contained in Paragraph 119.

120. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 120, and on that basis denies such allegations.

121. MUBI denies the allegations contained in Paragraph 121.

122. MUBI denies the allegations contained in Paragraph 122.

123. MUBI denies the allegations contained in Paragraph 123.

124. MUBI denies the allegations contained in Paragraph 124.

125. MUBI denies the allegations contained in Paragraph 125.

126. MUBI denies the allegations contained in Paragraph 126.

127. MUBI denies the allegations contained in Paragraph 127.

**L. Experience of Plaintiff Cinthia Davis**

128. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 128, and on that basis denies such allegations.

129. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 129, and on that basis denies such allegations.

130. MUBI denies the allegations contained in Paragraph 130.

131. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 131, and on that basis denies such allegations.

132. MUBI denies the allegations contained in Paragraph 132.

133. MUBI denies the allegations contained in Paragraph 133.

134. MUBI denies the allegations contained in Paragraph 134.

135. MUBI denies the allegations contained in Paragraph 135.

136. MUBI denies the allegations contained in Paragraph 136.

137. MUBI denies the allegations contained in Paragraph 137.

138. MUBI denies the allegations contained in Paragraph 138.

**M. Experience of Plaintiff Maritza Hernandez**

139. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 139, and on that basis denies such allegations.

140. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 140, and on that basis denies such allegations.

141. MUBI denies the allegations contained in Paragraph 141.

142. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 142, and on that basis denies such allegations.

143. MUBI denies the allegations contained in Paragraph 143.

144. MUBI denies the allegations contained in Paragraph 144.

145. MUBI denies the allegations contained in Paragraph 145.

146. MUBI denies the allegations contained in Paragraph 146.

147. MUBI denies the allegations contained in Paragraph 147.

148. MUBI denies the allegations contained in Paragraph 148.

149. MUBI denies the allegations contained in Paragraph 149.

**N. Experience of Plaintiff Siosiua Mafao**

150. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 150, and on that basis denies such allegations.

151. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 151, and on that basis denies such allegations.

152. MUBI denies the allegations contained in Paragraph 152.

153. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 153, and on that basis denies such allegations.

154. MUBI denies the allegations contained in Paragraph 154.

155. MUBI denies the allegations contained in Paragraph 155.

156. MUBI denies the allegations contained in Paragraph 156.

157. MUBI denies the allegations contained in Paragraph 157.

158. MUBI denies the allegations contained in Paragraph 158.

159. MUBI denies the allegations contained in Paragraph 159.

160. MUBI denies the allegations contained in Paragraph 160.

**O. Experience of Plaintiff Debjani Sarkar**

161. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 161, and on that basis denies such allegations.

162. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 162, and on that basis denies such allegations.

163. MUBI denies the allegations contained in Paragraph 163.

164. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 164, and on that basis denies such allegations.

165. MUBI denies the allegations contained in Paragraph 165.

166. MUBI denies the allegations contained in Paragraph 166.

167. MUBI denies the allegations contained in Paragraph 167.

168. MUBI denies the allegations contained in Paragraph 168.

169. MUBI denies the allegations contained in Paragraph 169.

170. MUBI denies the allegations contained in Paragraph 170.

171. MUBI denies the allegations contained in Paragraph 171.

## CLASS ALLEGATIONS

172. Paragraph 172 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 172. For the avoidance of doubt, MUBI denies that certification of this case as a class action is appropriate.

173. Paragraph 173 states legal conclusions and/or a summary of Plaintiffs' claims to which no answer is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 173. For the avoidance of doubt, MUBI denies that certification of this case as a class

action is appropriate.

174. Paragraph 174 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 174. For the avoidance of doubt, MUBI denies that certification of this case as a class action is appropriate.

175. Paragraph 175 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 175. For the avoidance of doubt, MUBI denies that certification of this case as a class action is appropriate.

176. Paragraph 176 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 176. For the avoidance of doubt, MUBI denies that certification of this case as a class action is appropriate.

177. Paragraph 177 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 177. For the avoidance of doubt, MUBI denies that certification of this case as a class action is appropriate.

178. Paragraph 178 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 178. For the avoidance of doubt, MUBI denies that certification of this case as a class action is appropriate.

**CAUSES OF ACTIONS**
**COUNT I**
**Violation of the Video Privacy Protection Act**
**18 U.S.C. § 2710, et seq.**
**(Plaintiffs Individually and on behalf of the Nationwide Class)**

179. MUBI incorporates all of the above prior responses.

180. MUBI admits that Plaintiffs purport to bring this claim against MUBI individually and on behalf of the members of a proposed Nationwide Class. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 180.

181. Paragraph 181 states legal conclusions to which no answer is required. To the extent any response is required, MUBI denies the allegations contained in Paragraph 181.

182. Paragraph 182 states legal conclusions to which no answer is required. To the extent any response is required, MUBI denies the allegations contained in Paragraph 182.

183. MUBI denies the allegations contained in Paragraph 183.

184. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 184, and on that basis denies such allegations.

185. MUBI denies the allegations contained in Paragraph 185.

186. MUBI denies the allegations contained in Paragraph 186.

187. MUBI denies the allegations contained in Paragraph 187.

188. Paragraph 188 sets forth a characterization of the relief Plaintiffs seek to which no response is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 188.

**COUNT II**
**Violation of California Civil Code § 1799.3**
**(Plaintiffs Individually and on behalf of the Nationwide Class)**

189. Defendant incorporates all of the above prior responses.

190. MUBI admits that Plaintiffs purport to bring this claim against MUBI individually and on behalf of the members of a proposed Nationwide Class. Except as specifically admitted, MUBI denies the allegations contained in Paragraph 190.

191. Cal. Civ. Code § 1799.3(a) speaks for itself and must be read in its entirety. MUBI admits that the quoted text appears in the current version of Cal. Civ. Code § 1799.3(a).

192. Paragraph 192 states legal conclusions to which no answer is required. To the extent any response is necessary, MUBI denies the allegations contained in Paragraph 192.

193. MUBI denies the allegations contained in Paragraph 193.

194. MUBI lacks information sufficient to form a belief about the truth of the allegations in Paragraph 194, and on that basis denies such allegations.

195. MUBI denies the allegations contained in Paragraph 195.

196. MUBI denies the allegations contained in Paragraph 196.

197. Paragraph 197 sets forth a characterization of the relief Plaintiffs seek to which no response is required. To the extent any response is necessary, MUBI denies the allegations in Paragraph 197.

**COUNT III**
**Violation of the California Invasion of Privacy Act ("CIPA")**
**Cal. Penal Code §§ 630 et seq.**
**(Plaintiffs Individually and on behalf of the Nationwide Class)**

198. Count III has been dismissed with prejudice, therefore no answer required.

199. Count III has been dismissed with prejudice, therefore no answer required.

200. Count III has been dismissed with prejudice, therefore no answer required.

201. Count III has been dismissed with prejudice, therefore no answer required.

202. Count III has been dismissed with prejudice, therefore no answer required.

203. Count III has been dismissed with prejudice, therefore no answer required.

204. Count III has been dismissed with prejudice, therefore no answer required.

205. Count III has been dismissed with prejudice, therefore no answer required.

206. Count III has been dismissed with prejudice, therefore no answer required.

207. Count III has been dismissed with prejudice, therefore no answer required.

208. Count III has been dismissed with prejudice, therefore no answer required.

209. Count III has been dismissed with prejudice, therefore no answer required.

210. Count III has been dismissed with prejudice, therefore no answer required.

211. Count III has been dismissed with prejudice, therefore no answer required.

**COUNT IV**
**Violation of the Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code §§ 17200 et seq.**
**(Plaintiffs Individually and on behalf of the Nationwide Class)**

212. Count IV has been dismissed with prejudice, therefore no answer required.

213. Count IV has been dismissed with prejudice, therefore no answer required.

214. Count IV has been dismissed with prejudice, therefore no answer required.

215. Count IV has been dismissed with prejudice, therefore no answer required.

216. Count IV has been dismissed with prejudice, therefore no answer required.

217. Count IV has been dismissed with prejudice, therefore no answer required.

218. Count IV has been dismissed with prejudice, therefore no answer required.

219. Count IV has been dismissed with prejudice, therefore no answer required.

220. Count IV has been dismissed with prejudice, therefore no answer required.

221. Count IV has been dismissed with prejudice, therefore no answer required.

222. Count IV has been dismissed with prejudice, therefore no answer required.

223. Count IV has been dismissed with prejudice, therefore no answer required.

224. Count IV has been dismissed with prejudice, therefore no answer required.

**Prayer for Relief**

Plaintiffs' Prayer for Relief sets forth a characterization of the relief Plaintiffs seek to which no response is required. To the extent any response is necessary, MUBI denies that Plaintiffs are entitled to any of the relief they seek.

**AFFIRMATIVE DEFENSES**

MUBI's affirmative defenses to the Amended Complaint are set forth below. By setting forth the following allegations and defenses, however, MUBI does not assume the burden of proof on matters and issues other than those on which MUBI has the burden of proof as a matter of law.

**First Defense**

**(Consent)**

The Amended Complaint is barred in whole or in part because Plaintiffs consented to the conduct that is alleged to violate the VPPA and/or Cal. Civ. Code § 1799.3. Plaintiffs, who agreed to MUBI's Terms of Service and Privacy Policy as a condition of registering and subscribing for MUBI's services, consented to the practices the Amended Complaint challenges through the account creation process and/or continued use of MUBI's services. Plaintiffs further retroactively and prospectively consented to use the technology at issue.

**Second Defense**

**(Lack of Standing)**

The claims of Plaintiffs and/or members of the proposed class are barred, in whole or in part, because they lack standing to pursue the claims set forth in the Amended Complaint, including because Plaintiffs (i) consented to the practices the Amended Complaint challenges; and/or (ii) members of the proposed class did not watch prerecorded content through MUBI's services.

**<u>Third Defense</u>**

**(Class Action Improper)**

Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action because, inter alia, Plaintiffs are not adequate representatives, Plaintiffs' claims are not typical or common of claims of proposed class members, the claims of the Plaintiffs and members of the proposed class are subject to unique facts and defenses (such as variations in their use of the MUBI platform), common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of determining the controversy, and a class action would be unmanageable. Moreover, certification of the proposed class would result in the denial of due process to MUBI as well as members of the proposed class.

**<u>Fourth Defense</u>**

**(Adequately Remedy at Law)**

The claims for equitable relief of Plaintiffs and/or members of the proposed class are barred, in whole or in part, because the Plaintiffs and/or members of the proposed class have an adequate remedy at law.

**<u>Fifth Defense</u>**

**(No Legal Injury)**

The claims of Plaintiffs and/or members of the proposed class are barred, in whole or in part, to the extent that the Plaintiffs and/or members of the proposed class suffered no legal injury.

**<u>Sixth Defense</u>**

**(Speculative Damages)**

The claims of Plaintiffs and/or members of the proposed class are barred, in whole or in part, due to the speculative and uncertain nature of the alleged damages, harm, injury, or loss.

**<u>Seventh Defense</u>**

**(Economic Waste)**

The claims of Plaintiffs and/or members of the proposed class are barred, in whole or in part, by the economic waste doctrine to the extent that Plaintiffs and/or members of the proposed class have, through their acts, conduct, statements, or demands, wastefully increased damages or

caused all or a portion of the alleged damages of which they now complain.

**Eighth Defense**

**(Laches)**

The Amended Complaint is barred in whole or in part under the doctrine of laches, because despite knowing they were voluntarily providing their video viewing history to MUBI, Plaintiffs unreasonably delayed seeking recovery under the VPPA and Cal. Civ. Code § 1799.3. This delay materially prejudiced MUBI, including because Plaintiffs now seek damages on behalf of a proposed class for the entire period of Plaintiffs' delay.

**Ninth Defense**

**(Unclean Hands)**

The Amended Complaint is barred in whole or in part under the doctrine of unclean hands, because despite knowing they were voluntarily providing their video viewing history to MUBI, and despite the fact that Plaintiffs knew they did not have to use MUBI's services, Plaintiffs now seeks to recover from MUBI under the VPPA and Cal. Civ. Code § 1799.3.

**Tenth Defense**

**(Ratification/ Acquiescence)**

The Amended Complaint is barred in whole or in part under the doctrines of ratification and acquiescence, because Plaintiffs repeatedly and voluntarily participated in the complained-of conduct by using, and agreeing to use, MUBI's services, including with respect to watching content through MUBI's service. In so doing, Plaintiffs accepted MUBI's practices for the benefits of using MUBI's services. Plaintiffs cannot now seek recovery for the same conduct which they ratified, or to which they acquiesced.

**Eleventh Defense**

**(Release)**

Plaintiffs claims and/or the claims of members of the proposed class are barred, in whole or in part, under the doctrines of release and/or accord and satisfaction to the extent that Plaintiffs or any member of the proposed class has executed, or executes, an effective release.

**Twelfth Defense**

**(No Punitive Damages)**

As to each cause of action, although MUBI denies that it committed or is responsible for any act or omission that could support the recovery of punitive damages in this action, if and to the extent any such act or omission is found, recovery of such punitive damages against MUBI is unconstitutional under the constitution of the United States.

**Thirteenth Defense**

**(Equitable Estoppel)**

The claims of Plaintiffs and/or members of the proposed class may be barred, in whole or in part, by the equitable doctrine of equitable estoppel.

**Fourteenth Defense**

**(Failure to State a Claim)**

The claims of Plaintiffs and/or members of the proposed class are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

**Fifteenth Defense**

**(Failure to Mitigate Damages)**

The claims of Plaintiffs and/or members of the proposed class are barred, in whole or in part, to the extent they have failed to mitigate damages and/or have caused some or all of the alleged damages of which they now complain.

**Sixteenth Defense**

**(Statute of Limitations)**

The Amended Complaint is barred in whole or in part because Plaintiffs failed to assert a cause of action within the period required by the applicable statute of limitations. See 18 U.S.C. § 2710(c)(3) (two-year statute of limitations period for VPPA claims). Additionally, members of the proposed class are also barred by the statute of limitations.

**Seventeenth Defense**

**(Waiver)**

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole

or in part, by the equitable doctrine of waiver.

**Eighteenth Defense**

**(Other Affirmative Defenses)**

MUBI specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or by virtue of any proceedings in this or any related case, and MUBI hereby reserves the right to amend its Answer to assert such defenses.

**RESERVATION OF RIGHT TO AMEND**

MUBI reserves the right to assert additional defenses, counterclaims, cross-claims, or third-party claims as they become known throughout the course of this litigation and as may become available.

**PRAYER FOR RELIEF**

WHEREFORE, MUBI prays for the following relief:

1. That Plaintiffs and the members of the proposed class take nothing by their Amended Complaint and that the Amended Complaint be dismissed with prejudice;
2. That the proposed certification of any class herein be denied;
3. That any and all claims for damages or any other relief to Plaintiffs or members of the proposed class of any sort be denied;
4. That MUBI be awarded its costs, disbursements and attorneys' fees; and
5. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

MUBI demands a trial by jury on all issues triable by a jury.

DATED: May 5, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Michael H. Rubin*

Michael H. Rubin (CA Bar No. 214636)
*michael.rubin@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Gary Feinerman (admitted *pro hac vice*)
*gary.feinerman@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone +1.312.876.7700

*Attorneys for Defendant MUBI, Inc.*